## COMMONWEALTH *vs.* RUSSELL JENKS.

After a general verdict of guilty on an indictment containing a count charging the defend-
ant with being a common seller of intoxicating liquors during a certain period, and count
for single sales within the time covered by the first count, a *nolle prosequi* may be
entered on all the counts except the first, and judgment rendered upon that for the
Commonwealth.

DEWEY, J.   The other questions in the present case, raised
on the bill of exceptions and the original motion in arrest of
judgment, having been either waived, or decided by the opinions
already pronounced in other cases, we have only to consider the
point presented in the motion in arrest filed at the present
term.   The case is thus: An indictment is found against the
defendant, containing three counts; the first charges him with
being a common seller of intoxicating liquors on the first day
of January 1853, and from thence continually to the first Monday
of December 1853; the second count charges a single sale to
John Critchley on the first day of June, 1853, and the third
charges a single sale to the same person on the 15th of said
June.   The record before us shows that, upon a trial before a
jury to whom the case was committed, a general verdict of
guilty was returned upon all the counts in the indictment.

The attorney general now appears, and asks for judgment and
sentence upon the first count, and has entered a *nolle prosequi*
upon the two remaining counts, to have such effect, as it may
legally, upon the question before us.

The single question is therefore this : Can judgment be prop-
erly rendered upon the first count, being that charging the
offence of being a common seller of intoxicating liquors ?

It was insisted on the part of the defendant, that no judgment
can be entered upon any of these counts, inasmuch as it was
impossible that he could properly have been convicted on all;
and that the uncertainty, as to which a verdict of guilty should
have been returned upon, should now operate to vacate and set
aside the verdict as to all the counts.   The ground assumed is, that
the charge of being a common seller from the 1st of January

1853 to the first Monday of December 1853 embraces all single sales during that period, and so should operate to discharge the defendant from the charges of single and specific sales, contained in the second and third counts; and further that as the jury have found the defendant guilty of the single sales, as charged, that should operate to discharge him from the verdict rendered on the first count, and the conviction fail altogether.

It is to be remembered that the question before us arises wholly upon the record, and is whether, upon any evidence that might have been offered, the verdict can be sustained as to the first count.

It must be conceded, that, as to the count for being a common seller, the time in reference to which this verdict was rendered is distinctly marked and fixed by the time stated in the indictments. The acts constituting the defendant a common seller must have taken place within the time there recited; *Commonwealth* v. *Elwell, ante,* 463; and they might be shown to have occurred at any time within the whole period therein named. Such is not the rule as respects the counts for single sales. As to these, the time alleged is not material, and the government is not confined to the day alleged, but may give evidence of a sale at any period before the finding of the indictment, and within the statute of limitations. *Commonwealth* v. *Dillane, ante,* 483. Treating these counts as for independent offences, and having no connection with the first count, and not introduced to meet the case of a failure to establish by the evidence the higher charge, and applying to them the ordinary rule as to such cases of single offences, the government would have been at liberty to support them by evidence of sales prior to the first of January 1853. Hence it might be urged, that there is nothing on the face of this record to show that the second and third counts were not supported by evidence of sales long anterior to the period of time embraced in the first count.

But waiving that view of the case, and treating it as the ordinary case of several counts, in the same indictment, embracing the same acts, and where establishing the guilt of the defendant on the higher charge should merge the minor charges con-

tained in the other counts, yet it will be apparent that there is no sufficient ground for arresting judgment generally upon all the counts, nor any necessity to resort to this to secure the fullest protection to all the legal rights of the defendant. The case stands thus: The jury have found by their verdict that the defendant is guilty upon all the counts in the indictment. The first and higher offence charged was that of being a common seller of intoxicating liquors within the period named. But the jury could not have returned a verdict of guilty upon this count, without finding three sales proved, and the other facts necessary to constitute that offence. There is nothing on the record or elsewhere to raise a doubt as to the correctness of this finding, or as to the fact that they have thus found the defendant guilty of being a common seller of intoxicating liquors. As to the second and third counts, containing charges of single sales, if in fact, upon the evidence, these were acts of sale within the period embraced in the first count, the jury should have been instructed to have returned a verdict of not guilty upon those counts. No motion was made to that effect on the part of the defendant, so far as appears, and a general verdict of guilty was returned upon all the counts, as is often done where there are various counts, one for the higher, and others for a minor offence, and such as would be merged in the conviction of the higher offence. When such cases occur, as they have in cases of burglary, having one count charging the breaking and entering the dwelling-house with intent to steal, and a second charging a larceny, and both relating to the same transaction, and a general verdict of guilty is returned, the court will only impose the punishment for the greater offence. But the fact, that such verdict of guilty was returned on both, would furnish no reason for arresting the judgment on the count for burglary. In the case before us, the only possible ground of complaint on the part of the defendant is that he was not acquitted on the charges of single sales, contained in the second and third counts. This ought to have been so, if the sales were embraced within the period covered by the count charging the defendant with the offence of a common seller of intoxicating liquors.

The attorney general now proposes to enter a *nolle prosequi* as to the second and third counts, and thus discharge the defendant as to those counts. The authority of the attorney general to enter a *nolle prosequi* after verdict, as to one of several counts, or a distinct and substantive part of a count, is fully recognized by this court in *Commonwealth* v. *Tuck,* 20 Pick. 366. The only judgment asked for by the Commonwealth is upon the first count. No objection exists as to that, in point of form, and the jury have found, as appears by the record, that the defendant is guilty of the offence therein charged. If the verdict on the second and third counts was erroneous, as a verdict against the evidence, or in matter of law, the defendant is relieved from all the consequences of such error, by the *nolle prosequi* of the attorney general.

We perceive no reason for arresting judgment upon the first count.                    *Motion in arrest overruled.*

*E. W. Bond,* for the defendant.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.